**John A. Cocklereece, Jr.**
jcocklereece@belldavispitt.com
T 336.714.4123
F 336.722.6558



# Bell·Davis·Pitt

### Attorneys and Counselors at Law

WINSTON-SALEM, NORTH CAROLINA
336.722.3700

MAILING ADDRESS
PO Box 21029
Winston-Salem, NC
27120-1029

December 20, 2018

Mr. Andrew Baxter
Mr. Jason Grove
Mr. Charles Hogan
10640 Iron Bridge Road, Suite 2B
Jessup, MD 20794

Mr. Charles C. Hogan
314 Ponte Vedra Blvd.
Ponte Vedra Beach, FL 32082

Mr. Andrew S. Baxter
84 Long Creek Drive
Stevensville, MD 21666

> **RE:** **Kevin Yarbrough vs. Building Maintenance Services, LLC and Surface Logic, LLC**
> **18 CVS 004270**

Dear Gentlemen:

I have been served as registered agent for Building Maintenance Services, LLC a Summons and Complaint (attached) in connection with the above-referenced lawsuit. You are required to file an Answer with the Durham County Clerk of Superior Court within 30 days of December 20, 2018 (the date I was served). I am sending this to you to handle and will take no further action unless I hear from you otherwise and agree to representation.

Sincerely,

BELL, DAVIS & PITT, P.A.

John A. Cocklereece, Jr.

JAC/ssl
Enclosures



**EXHIBIT**
**A**
_____

# 737525v1

December 20, 2018
Page 2

bcc:   Mr. Bryan Starnes for Western NC DME, LLC, w/enclosure
       (via email bstarnes@affinitylivinggroup.com)

# STATE OF NORTH CAROLINA

_____ Durham _____ County

FILED

2018 DEC 17 P 4:23

~~WILLIAM CO., C.S.C.~~

In The General Court Of Justice
☐ District   ☒ Superior Court Division

**Name Of Plaintiff**
Kevin Yarbrough

**Address**
1513 E. Geer Street, Durham, NC 27704

**City, State, Zip**
Durham, NC 27704

**VERSUS**

**Name Of Defendant(s)**
Building Maintenance Services, LLC
Surface Logic, LLC

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

---

**To Each Of The Defendant(s) Named Below:**

| **Name And Address Of Defendant 1** | **Name And Address Of Defendant 2** |
|---|---|
| Building Maintenance Services, LLC<br>c/o Bell, Davis & Pitt, P.A., Registered Agent<br>100 North Cherry Street, Suite 600<br>Winston Salem, NC 27101 | Surface Logic, LLC<br>c/o The Corporation Trust Company, Registered Agent<br>Corporation Trust Center<br>1209 Orange Street, Wilmington, DE 19801 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!
¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| **Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)** | **Date Issued** DEC 1 7 2018 | **Time** 4:23 ☐ AM ☒ PM |
|---|---|---|
| Brandon S. Atwater<br>Atwater Law PLLC<br>400 West Main Street, Suite 612<br>Durham, NC 27701 | **Signature** Elizabeth Tapley-Burnett | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

---

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated
above and returned not served. At the request of the plaintiff,
the time within which this Summons must be served is
extended sixty (60) days.

| **Date Of Endorsement** | **Time** ☐ AM ☐ PM |
|---|---|
| **Signature** | |
| ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or
less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if
so, what procedure is to be followed.*

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

(Over)

DEC 20 2018

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
    FILE    SUPERIOR COURT DIVISION

DURHAM COUNTY              FILE NO.

2018 DEC 17 P 4: 23

DURHAM CO., C.S.C.

BY _____

| | |
|---|---|
| KEVIN YARBROUGH, | ) |
| | ) |
| Plaintiff, | )    **COMPLAINT** |
| | )    **(JURY TRIAL DEMANDED)** |
| | ) |
| BUIDLING MAINTENANCE SERVICES, LLC; and | ) |
| SURFACE LOGIC, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOW COMES** Plaintiff, Kevin Yarbrough, by and through undersigned counsel, complaining of Defendant and alleges as follows:

1. Plaintiff Kevin Yarbrough (hereinafter "Yarbrough") is a resident and citizen of Durham, North Carolina.

2. Defendant Building Maintenance Services LLC (hereinafter "BMS") is a foreign corporation incorporated under the laws of the State of Maryland.

3. Defendant Surface Logic LLC (hereinafter "Surface Logic") is a foreign corporation incorporated under the laws of the State of Deleware.

4. Upon information and belief, Defendant BMS is a division of Defendant Surface logic.

5. Upon information and belief, Defendant BMS is a wholly owned subsidiary of Defendant Surface Logic.

6. Upon information and belief, Defendant Surface Logic and Defendant BMS operate out of the same principal office.

7. Upon information and belief, Defendant Surface Logic and Defendant BMS share common management.

8. Upon Information and belief, Defendant Surface Logic provides personnel, payroll, management, staff training services to Defendant BMS.

9. Upon information and belief, Surface Logic has ultimate authority for most, if not all, of Defendant BMS' human resources/personnel decisions (e.g., hiring, firing, demotions, etc.)

10. For the purpose of this Complaint, Defendant Surface Logic and Defendant BMS are one and the same.

11. This matter arises out of Plaintiff's employment with Defendant BMS.

12. This matter arises out of Plaintiff's employment with Defendant Surface Logic.

13. At all relevant times, Plaintiff was an at-will employee of Defendant BMS.

14. At all relevant times, Plaintiff was an at-will employee of Defendant Surface Logic.

15. On or about April 45, 2018, Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging, among other things, discrimination based on disability in violation of the *Americans with Disability Act* (ADA).

16. On December 11, 2018, Plaintiff, through his counsel, received a *Dismissal and Notice of Rights* to sue from the EEOC, informing Plaintiff that he was being issued a Notice of Right to Sue.

17. Prior to December 11, 2018, neither Plaintiff nor his counsel had received a copy of the *Dismissal and Notice of Rights.*

2

18. This action has been filed within ninety (90) days of Plaintiff's receipt of the above-referenced notice from the EEOC.

This matter arose in Durham County, North Carolina.

## FACTUAL ALLEGATIONS

19. Plaintiff is a veteran of the United States Military.

20. Plaintiff served approximately fifteen (15) years active duty in the United States Military.

21. While in the United State Military, Plaintiff served three tours of active combat.

22. Plaintiff was honorably discharged from the military.

23. Plaintiff has been medically diagnosed by medical professionals at the Veterans Administration with Post Traumatic Stress Disorder (PTSD) related to his military combat service.

24. The Veterans Administration determined that Plaintiff has a fifty percent (50%) disability as a result of service related PTSD condition.

25. Despite Plaintiff's disability, Plaintiff is both willing and able to work with reasonable accommodations.

26. On or about April 26, 2016, Plaintiff was hired to work as a Canine Handler for Defendant BMS.

27. Prior to accepting employment with Defendant BMS, Plaintiff informed defendants of his disability.

28. On or about January 16, 2018, Plaintiff emailed Defendants' management to make them aware of an issue that he was having with another employee which Plaintiff found to be very stressful. Moreover, Plaintiff expressed that he was trying to deal with the situation;

3

however, expressed that he felt that, due to his military service related medical condition/disability, he was having difficulty resolving the issue in an appropriate manner on his own.

29. Plaintiff went on to ask Defendant employer's management to accommodations with respect to his medical condition/disability.

30. Rather than making reasonable accommodations, the Employer's Human Resources Manager, Ms. Stephanie Pingel, terminated Plaintiff.

31. In the termination letter that Ms. Pingel sent Plaintiff, she indicated that Plaintiff was terminated for communicating a threat via email regarding a fellow employee.

32. Plaintiff did not make a threat against a fellow employee. Rather, Plaintiff simply asked for accommodations related to his military service related medical condition/disability.

33. Defendants' proffered reasons for Plaintiff's discharge are pre-textual.

34. Ms. Pingel has corresponded with Plaintiff using the following email address: Stephaniepingel@sufacelogic.com

35. Defendant is a covered employer under the Family and Medical Leave Act.

36. Plaintiff was eligible for leave under FMLA.

37. Defendant knew or should have known Plaintiff's military service related PTSD medical condition/disability was a qualifying medical condition under FMLA.

38. Defendant failed to advise Plaintiff of his rights under FMLA.

39. Had Defendant made Plaintiff aware of his rights under FMLA rather than simply terminating Plaintiff, Plaintiff may have been able to seek and obtain services, perhaps through the Veterans Administration, which would have allowed Plaintiff to better cope with the stress that he was experiencing in the work environment.

4

40. Upon information and belief, Ms. Pingel is an employee of Defendant Surface Logic.

41. Upon information and belief, Ms. Pingel is also an employee of Defendant BMS.

42. At all relevant times, Ms. Pingel acted within the scope of her employment with Defendant Surface Logic.

43. At all relevant times, Ms. Pingel acted in furtherance of the interest of Defendant Surface Logic.

44. At all relevant times, Ms. Pingel acted within the scope of her employment with Defendant BMS

45. At all relevant times, Ms. Pingel acted in furtherance of the interest of Defendant BMS.

46. Defendant Surface Logic is liable for the acts and omissions of Ms. Pingel under the doctrine of Respondent Superior.

47. Defendant BMS is liable for the acts and/or omissions of Ms. Pingel under the doctrine of Respondent Superior.

48. The individual(s) who terminated Plaintiff was employed by Defendants.

49. The individual(s) who terminated Plaintiff was acting within the scope of their employment with Defendants and in furtherance of Defendants' interest.

50. Upon information and belief, Defendant BMS employs in excess of five hundred employees.

51. Upon information and belief, Defendant Surface Logic employs in excess of five hundred employees.

52. Upon information and belief, Defendants employ at least 50 employees with a 75 mile radius of the location where Plaintiff worked.

5

## FIRST CLAIM FOR RELEIF: DEEFENDANT IS LIABLE FOR DISCRIMINATION IN VIOLATION THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 38 U.S.C. § 4301 ET SEQ. ("USERRA")

53. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

54. USERRA prohibits discrimination against persons who have served in the uniformed services.

55. Defendant denied Plaintiff retention in employment on the basis of a medical condition incurred in the performance of Plaintiff's service in the United States Military. Moreover, Plaintiff's military service related disability was a motivating factor in the employer's action to terminate Plaintiff's employment.

56. Based on the foregoing, Defendant violated USERRA.

57. Defendants' failure to comply with the provisions of USERRA was willful and wanton.

58. As a direct and proximate cause of Defendant's discrimination against Plaintiff with respect to Plaintiff's military service related disability, Plaintiff has suffered damages in the form of lost wages, lost benefits, and other damages to be proven at trial.

## SECOND CLAIM FOR RELEIF: DEEFENDANTS IS LIABLE FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

59. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

60. Defendants failed to provide Plaintiff with notice of his eligibility status and rights and responsibilities under the FMLA as required under the law.

6

61. Defendants failed to provide Plaintiff with notice of his rights under FMLA was an attempt by Defendants interfere with, restrain, and/or or deny Plaintiff's his rights under FMLA.

62. Based on the foregoing, Defendant violated FMLA.

63. With respect to Defendants' violation of FMLA, Defendants did not act in good faith and did not have reasonable grounds for believing that their act(s) or omission(s) were not violations.

64. As a direct and proximate cause of Defendant's employment discrimination against Plaintiff with respect to FMLA, Plaintiff has suffered damages in the form of lost wages, lost benefits, and other damages to be proven at trial.

**THIRD CLAIM FOR RELEIF: DEEFENDANT IS LIABLE FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AS ARTICULATED IN N.C.G.S. § 127B-10. et Seq.**

65. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

66. It is the public policy of the State of North Carolina, as expressed in G.S. § 127B-10. et Seq., that "[M]ilitary personnel in North Carolina vitally affect the general economy of this State and that it is in the public interest and public welfare to ensure that no discrimination against military personnel is practiced by any business.

67. It is further the public policy of the State of North Carolina as articulated in G.S. § 127B-11 that, "No member of these military forces shall be prejudiced or injured by any person, employer, officer or agent of any corporation, company or firm with respect to

7

their employment, position or status or denied or disqualified for employment by virtue

of their membership or service in the military forces of this State or of the United States.

68. In the present case, Defendants discriminated against Plaintiff by terminating his employment due to having asked for reasonable accommodations with respect to his military service related disability.

69. As a direct and proximate cause of Defendant's employment discrimination against Plaintiff with respect to his military service related disability, Plaintiff has suffered damages in the form of lost wages, lost benefits, and other damages to be proven at trial.

**FOURTH CLAIM FOR RELEIF: DEFENDANT IS LIABLE FOR WRONGFUL DISCHARGE IN VIOLATION OF THE PUBLIC POLICY AS EXPRESED IN THE EQUAL EMPLOYMENT PRACTICES ACT, N.C.G.S. § 143-422.1. et Seq.**

70. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

71. It is the public policy of the State of North Carolina, as expressed in N.C.G.S. § 143-422.2(a), that, "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees."

72. It is further the public policy of the State of North Carolina, as expressed in N.C.G.S. § 143-422.2(b) that, "It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interests of employees, employers, and the public in general."

8

73. In the present case, Defendants discriminated against Plaintiff with respect to his military service related disability (i.e., handicap)

74. As a direct and proximate cause of Defendants' discrimination of Plaintiff based on his military related disability (i.e., his "handicap"), Plaintiff has suffered damages, including, but not limited to, lost salary, lost wages, lost benefits, emotional distress, and other damages to be proven at trial.

**FIFTH CLAIM FO RELEIF: DEFENDANT IS LIABLE FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AS EXPRESSED IN THE PERSONS DISABILITIES PROTECTION ACT N.C.G.S. § 168A-2 et Seq.**

75. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

76. It is the public policy of the State of North Carolina, as expressed in N.C.G.S. § 168A-2, that "the practice of discrimination based upon a disabling condition is contrary to the public interest and to the principles of freedom and equality of opportunity; the practice of discrimination on the basis of a disabling condition threatens the rights and proper privileges of the inhabitants of this State; and such discrimination results in a failure to realize the productive capacity of individuals to their fullest extent."

77. In the present case, Defendants, through their agent(s), including but not limited to Ms. Pingel, discriminated against Plaintiff with respect to his disability and his request for accommodations related to said disability.

78. As a direct and proximate cause of Defendants discrimination of Plaintiff based on his disability, Plaintiff has suffered damages, including, but not limited to, lost salary, lost wages, lost benefits, emotional distress, and other damages to be proven at trial.

9

## SIXTH CLAIM FOR RELIEF: DEFENDANTS ARE LIABLE
## FOR PUNITIVE DAMAGES UNDER N.C.G.S. § 1D-1

79. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

80. With respect to all acts and/or omissions complained of, Defendants acted willfully and wantonly.

81. Upon information and belief, with respect to all acts and/or omissions complained of the officers, board of directors, and/or managers of defendants participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

10

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

55. That Plaintiff from defendants compensatory, liquidated, treble, and punitive damages in excess of $25,000.00

56. That defendant be held jointly and severally liable.

57. That the costs of this action, including pre-judgment interest and post-judgment be taxed against defendants

58. Litigation expenses;

59. Attorney fees;

60. That all issues of fact be tried by a jury; and

61. Such other and further relief as the Court shall deem just and proper.

This the 17th day of December, 2018.

Brandon S. Atwater
Counsel for Plaintiff
North Carolina Bar No. 41786
Atwater Law PLLC
400 West Main Street
Suite 612
b.atwater@atwaterlaw.com
Durham, NC 27701
Tel: (919) 530-1090
Direct: (919) 251-6126
Fax: (919) 530-1091

11



CT SOP CUSTOMER SERVICE
2149323601
CT - MINNESOTA SOP TEAM
6815 SAUKVIEW DR
SAINT CLOUD MN 56303

1.0 LBS    LTR     1 OF 1

SHIP TO:
DAVID  HECHT
4103792400
SURFACE LOGIC, LLC
10640 IRON BRIDGE ROAD
SUITE 213
**JESSUP  MD 20794**

1268186

17

Origin: Wolters Kluwer UPS 562130

 MD 207 9-13





**UPS NEXT DAY AIR**          **1**
TRACKING #: 1Z X21 278 01 3216 7497



BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/2401130/534634608/CT SOP Custo

™


CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780132167497 |
| **Created By :** | Neetu Kumari |
| **Created On :** | 12/26/2018 10:55 PM |
| **Recipient :** | |

**David Hecht**

| | |
|---|---|
| Title : | -- |
| Customer : | Surface Logic, LLC |
| Address : | 10640 Iron Bridge Road |
| Email : | davidhecht@surfacelogic.com |
| Phone : | 410-379-2400      Fax :   - |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 534634608 | 18CVS004270 | Surface Logic, LLC |

 CT Corporation

**Service of Process Transmittal**
12/26/2018
CT Log Number 534634608

TO: David Hecht
Surface Logic, LLC
10640 Iron Bridge Road, Suite 213
Jessup, MD 20794

RE: **Process Served in Delaware**

FOR: Surface Logic, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kevin Yarbrough, Pltf. vs. Building Maintenance Services, LLC and Surface Logic, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, RETURN |
| **COURT/AGENCY:** | Durham County Superior Court, NC<br>Case # 18CVS004270 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 04/26/2016 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/26/2018 postmarked on 12/17/2018 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 DAYS |
| **ATTORNEY(S) / SENDER(S):** | BRANDON S. ATWATER<br>Atwater Law PLLC<br>400 West Main Street<br>Suite 612<br>Durham, NC 27701<br>919-530-1090 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780132167497 |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.




CERTIFIED MAIL


7018 2290 0000 1637 4150




U.S. POSTAGE PAID
FCM LG ENV
DURHAM, NC
27701
DEC 17 19
AMOUNT
**$7.62**
R2304H109048-20

ATWATER LAW PLLC
400 WEST MAIN STREET
SUITE 612
DURHAM, NC 27701

Surface Logic, LLC
c/o The Corporation Trust Company
Coporation Trust Center
1209 Orange Street
Wilmington, DE 19801

# STATE OF NORTH CAROLINA

Durham County

*File No.*

**In The General Court Of Justice**
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*
Kevin Yarbrough

FILED

*Address*
1513 E. Geer Street, Durham, NC 27704

*City, State, Zip*
Durham, NC 27704

2018 DEC 17 P 4: 23

DURHAM CO., C.S.C.

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

**VERSUS**

*G.S. 1A-1, Rules 3 and 4*

*Name Of Defendant(s)*
Building Maintenance Services, LLC
Surface Logic, LLC

BY

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Building Maintenance Services, LLC | Surface Logic, LLC |
| c/o Bell, Davis & Pitt, P.A., Registered Agent | c/o The Corporation Trust Company, Registered Agent |
| 100 North Cherry Street, Suite 600 | Corporation Trust Center |
| Winston Salem, NC 27101 | 1209 Orange Street, Wilmington, DE 19801 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene qué contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* | *Time* |
|---|---|---|
| Brandon S. Atwater | DEC 1 7 2018 | 4:23 ☐ AM ☒ PM |
| Atwater Law PLLC | *Signature* | |
| 400 West Main Street, Suite 612 | Elizabeth Tapley Burnett | |
| Durham, NC 27701 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** | *Date Of Endorsement* | *Time* |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA
DURHAM COUNTY

FILED

ZØI8 DEC 17 P 4: 23

DURHAM CO., C.S.C.

BY_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.

KEVIN YARBROUGH,

        Plaintiff,

BUIDLING MAINTENANCE SERVICES, LLC; and
SURFACE LOGIC, LLC

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
(JURY TRIAL DEMANDED)

**NOW COMES** Plaintiff, Kevin Yarbrough, by and through undersigned counsel, complaining of Defendant and alleges as follows:

1. Plaintiff Kevin Yarbrough (hereinafter "Yarbrough") is a resident and citizen of Durham, North Carolina.

2. Defendant Building Maintenance Services LLC (hereinafter "BMS") is a foreign corporation incorporated under the laws of the State of Maryland.

3. Defendant Surface Logic LLC (hereinafter "Surface Logic") is a foreign corporation incorporated under the laws of the State of Deleware.

4. Upon information and belief, Defendant BMS is a division of Defendant Surface logic.

5. Upon information and belief, Defendant BMS is a wholly owned subsidiary of Defendant Surface Logic.

6. Upon information and belief, Defendant Surface Logic and Defendant BMS operate out of the same principal office.

7. Upon information and belief, Defendant Surface Logic and Defendant BMS share common management.

8. Upon Information and belief, Defendant Surface Logic provides personnel, payroll, management, staff training services to Defendant BMS.

9. Upon information and belief, Surface Logic has ultimate authority for most, if not all, of Defendant BMS' human resources/personnel decisions (e.g., hiring, firing, demotions, etc.)

10. For the purpose of this Complaint, Defendant Surface Logic and Defendant BMS are one and the same.

11. This matter arises out of Plaintiff's employment with Defendant BMS.

12. This matter arises out of Plaintiff's employment with Defendant Surface Logic.

13. At all relevant times, Plaintiff was an at-will employee of Defendant BMS.

14. At all relevant times, Plaintiff was an at-will employee of Defendant Surface Logic.

15. On or about April 45, 2018, Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging, among other things, discrimination based on disability in violation of the *Americans with Disability Act* (ADA).

16. On December 11, 2018, Plaintiff, through his counsel, received a *Dismissal and Notice of Rights* to sue from the EEOC, informing Plaintiff that he was being issued a Notice of Right to Sue.

17. Prior to December 11, 2018, neither Plaintiff nor his counsel had received a copy of the *Dismissal and Notice of Rights.*

2

18. This action has been filed within ninety (90) days of Plaintiff's receipt of the above-referenced notice from the EEOC.

This matter arose in Durham County, North Carolina.

## FACTUAL ALLEGATIONS

19. Plaintiff is a veteran of the United States Military.

20. Plaintiff served approximately fifteen (15) years active duty in the United States Military.

21. While in the United State Military, Plaintiff served three tours of active combat.

22. Plaintiff was honorably discharged from the military.

23. Plaintiff has been medically diagnosed by medical professionals at the Veterans Administration with Post Traumatic Stress Disorder (PTSD) related to his military combat service.

24. The Veterans Administration determined that Plaintiff has a fifty percent (50%) disability as a result of service related PTSD condition.

25. Despite Plaintiff's disability, Plaintiff is both willing and able to work with reasonable accommodations.

26. On or about April 26, 2016, Plaintiff was hired to work as a Canine Handler for Defendant BMS.

27. Prior to accepting employment with Defendant BMS, Plaintiff informed defendants of his disability.

28. On or about January 16, 2018, Plaintiff emailed Defendants' management to make them aware of an issue that he was having with another employee which Plaintiff found to be very stressful. Moreover, Plaintiff expressed that he was trying to deal with the situation;

3

however, expressed that he felt that, due to his military service related medical condition/disability, he was having difficulty resolving the issue in an appropriate manner on his own.

29. Plaintiff went on to ask Defendant employer's management to accommodations with respect to his medical condition/disability.

30. Rather than making reasonable accommodations, the Employer's Human Resources Manager, Ms. Stephanie Pingel, terminated Plaintiff.

31. In the termination letter that Ms. Pingel sent Plaintiff, she indicated that Plaintiff was terminated for communicating a threat via email regarding a fellow employee.

32. Plaintiff did not make a threat against a fellow employee. Rather, Plaintiff simply asked for accommodations related to his military service related medical condition/disability.

33. Defendants' proffered reasons for Plaintiff's discharge are pre-textual.

34. Ms. Pingel has corresponded with Plaintiff using the following email address: Stephaniepingel@sufacelogic.com

35. Defendant is a covered employer under the Family and Medical Leave Act.

36. Plaintiff was eligible for leave under FMLA.

37. Defendant knew or should have known Plaintiff's military service related PTSD medical condition/disability was a qualifying medical condition under FMLA.

38. Defendant failed to advise Plaintiff of his rights under FMLA.

39. Had Defendant made Plaintiff aware of his rights under FMLA rather than simply terminating Plaintiff, Plaintiff may have been able to seek and obtain services, perhaps through the Veterans Administration, which would have allowed Plaintiff to better cope with the stress that he was experiencing in the work environment.

4

40. Upon information and belief, Ms. Pingel is an employee of Defendant Surface Logic.

41. Upon information and belief, Ms. Pingel is also an employee of Defendant BMS.

42. At all relevant times, Ms. Pingel acted within the scope of her employment with Defendant Surface Logic.

43. At all relevant times, Ms. Pingel acted in furtherance of the interest of Defendant Surface Logic.

44. At all relevant times, Ms. Pingel acted within the scope of her employment with Defendant BMS

45. At all relevant times, Ms. Pingel acted in furtherance of the interest of Defendant BMS.

46. Defendant Surface Logic is liable for the acts and omissions of Ms. Pingel under the doctrine of Respondent Superior.

47. Defendant BMS is liable for the acts and/or omissions of Ms. Pingel under the doctrine of Respondent Superior.

48. The individual(s) who terminated Plaintiff was employed by Defendants.

49. The individual(s) who terminated Plaintiff was acting within the scope of their employment with Defendants and in furtherance of Defendants' interest.

50. Upon information and belief, Defendant BMS employs in excess of five hundred employees.

51. Upon information and belief, Defendant Surface Logic employs in excess of five hundred employees.

52. Upon information and belief, Defendants employ at least 50 employees with a 75 mile radius of the location where Plaintiff worked.

5

**FIRST CLAIM FOR RELEIF: DEEFENDANT IS LIABLE FOR DISCRIMINATION IN VIOLATION THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 38 U.S.C. § 4301 ET SEQ. ("USERRA")**

53. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

54. USERRA prohibits discrimination against persons who have served in the uniformed services.

55. Defendant denied Plaintiff retention in employment on the basis of a medical condition incurred in the performance of Plaintiff's service in the United States Military. Moreover, Plaintiff's military service related disability was a motivating factor in the employer's action to terminate Plaintiff's employment.

56. Based on the foregoing, Defendant violated USERRA.

57. Defendants' failure to comply with the provisions of USERRA was willful and wanton.

58. As a direct and proximate cause of Defendant's discrimination against Plaintiff with respect to Plaintiff's military service related disability, Plaintiff has suffered damages in the form of lost wages, lost benefits, and other damages to be proven at trial.


**SECOND CLAIM FOR RELEIF: DEEFENDANTS IS LIABLE FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

59. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

60. Defendants failed to provide Plaintiff with notice of his eligibility status and rights and responsibilities under the FMLA as required under the law.

6

61. Defendants failed to provide Plaintiff with notice of his rights under FMLA was an attempt by Defendants interfere with, restrain, and/or or deny Plaintiff's his rights under FMLA.

62. Based on the foregoing, Defendant violated FMLA.

63. With respect to Defendants' violation of FMLA, Defendants did not act in good faith and did not have reasonable grounds for believing that their act(s) or omission(s) were not violations.

64. As a direct and proximate cause of Defendant's employment discrimination against Plaintiff with respect to FMLA, Plaintiff has suffered damages in the form of lost wages, lost benefits, and other damages to be proven at trial.

## THIRD CLAIM FOR RELEIF: DEEFENDANT IS LIABLE FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AS ARTICULATED IN N.C.G.S. § 127B-10. et Seq.

65. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

66. It is the public policy of the State of North Carolina, as expressed in G.S. § 127B-10. et Seq., that "[M]ilitary personnel in North Carolina vitally affect the general economy of this State and that it is in the public interest and public welfare to ensure that no discrimination against military personnel is practiced by any business.

67. It is further the public policy of the State of North Carolina as articulated in G.S. § 127B-11 that, "No member of these military forces shall be prejudiced or injured by any person, employer, officer or agent of any corporation, company or firm with respect to

7

their employment, position or status or denied or disqualified for employment by virtue of their membership or service in the military forces of this State or of the United States.

68. In the present case, Defendants discriminated against Plaintiff by terminating his employment due to having asked for reasonable accommodations with respect to his military service related disability.

69. As a direct and proximate cause of Defendant's employment discrimination against Plaintiff with respect to his military service related disability, Plaintiff has suffered damages in the form of lost wages, lost benefits, and other damages to be proven at trial.

## FOURTH CLAIM FOR RELEIF: DEFENDANT IS LIABLE FOR WRONGFUL DISCHARGE IN VIOLATION OF THE PUBLIC POLICY AS EXPRESED IN THE EQUAL EMPLOYMENT PRACTICES ACT, N.C.G.S. § 143-422.1. et Seq.

70. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

71. It is the public policy of the State of North Carolina, as expressed in N.C.G.S. § 143-422.2(a), that, "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees."

72. It is further the public policy of the State of North Carolina, as expressed in N.C.G.S. § 143-422.2(b) that, "It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interests of employees, employers, and the public in general."

8

73. In the present case, Defendants discriminated against Plaintiff with respect to his military service related disability (i.e., handicap)

74. As a direct and proximate cause of Defendants' discrimination of Plaintiff based on his military related disability (i.e., his "handicap"), Plaintiff has suffered damages, including, but not limited to, lost salary, lost wages, lost benefits, emotional distress, and other damages to be proven at trial.

**FIFTH CLAIM FO RELEIF: DEFENDANT IS LIABLE FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AS EXPRESSED IN THE PERSONS DISABILITIES PROTECTION ACT N.C.G.S. § 168A-2 et Seq.**

75. The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

76. It is the public policy of the State of North Carolina, as expressed in N.C.G.S. § 168A-2, that "the practice of discrimination based upon a disabling condition is contrary to the public interest and to the principles of freedom and equality of opportunity; the practice of discrimination on the basis of a disabling condition threatens the rights and proper privileges of the inhabitants of this State; and such discrimination results in a failure to realize the productive capacity of individuals to their fullest extent."

77. In the present case, Defendants, through their agent(s), including but not limited to Ms. Pingel, discriminated against Plaintiff with respect to his disability and his request for accommodations related to said disability.

78. As a direct and proximate cause of Defendants discrimination of Plaintiff based on his disability, Plaintiff has suffered damages, including, but not limited to, lost salary, lost wages, lost benefits, emotional distress, and other damages to be proven at trial.

9

## SIXTH CLAIM FOR RELIEF: DEFENDANTS ARE LIABLE
## FOR PUNITIVE DAMAGES UNDER N.C.G.S. § 1D-1

79.  The allegations contained in all of the foregoing paragraphs are re-alleged and are incorporated herein by reference as if fully set forth.

80.  With respect to all acts and/or omissions complained of, Defendants acted willfully and wantonly.

81.  Upon information and belief, with respect to all acts and/or omissions complained of the officers, board of directors, and/or managers of defendants participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

10

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

55. That Plaintiff from defendants compensatory, liquidated, treble, and punitive damages in excess of $25,000.00

56. That defendant be held jointly and severally liable.

57. That the costs of this action, including pre-judgment interest and post-judgment be taxed against defendants

58. Litigation expenses;

59. Attorney fees;

60. That all issues of fact be tried by a jury; and

61. Such other and further relief as the Court shall deem just and proper.

This the 17th day of December, 2018.

Brandon S. Atwater
Counsel for Plaintiff
North Carolina Bar No. 41786
Atwater Law PLLC
400 West Main Street
Suite 612
b.atwater@atwaterlaw.com
Durham, NC 27701
Tel: (919) 530-1090
Direct: (919) 251-6126
Fax: (919) 530-1091

11